UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1420-GHK (KK) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Eric Frank Robinson v. M. Spearman | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | |
| n/a | n/a | |

**Proceedings:** **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As Untimely**

## I.
## INTRODUCTION

Petitioner Eric Frank Robinson ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

### A. STATE COURT PROCEEDINGS

On January 10, 1994, in Los Angeles County Superior Court, Petitioner was convicted of murder, attempted murder, and two counts of kidnapping in violation of California Penal Code sections 187, 664, 187(A), and 207. ECF Docket No. ("Dkt.") 1, Pet. at 2.[1] On May 5, 1994, Petitioner was sentenced to a term of "life without the

---

[1] The Court refers to the Petition's pages as if Petitioner consecutively numbered them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1420-GHK (KK) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Eric Frank Robinson v. M. Spearman | | |

possibility of parole, life, and 43 years." Id.

On December 23, 1996, the California Court of Appeal reversed Petitioner's conviction in part, modified his sentence, and otherwise affirmed his conviction. Id. at 3.

On June 23, 1997, the California Supreme Court summarily denied Petitioner's petition for review. Id.

On June 29, 2015, Petitioner filed a state habeas petition in the Los Angeles County Superior Court. Id. at 4. On July 13, 2015, the Los Angeles County Superior Court denied the petition. Id.

On August 24, 2015, Petitioner filed a state habeas petition in the California Court of Appeal. Id. On September 2, 2015, the California Court of Appeal denied the petition. Id.

On September 21, 2015, Petitioner filed a state habeas petition in the California Supreme Court. Id. On December 16, 2015, the California Supreme Court denied the petition. Id. at 5.

**B. FEDERAL COURT PROCEEDINGS**

On February 16, 2016, Petitioner constructively filed[2] the instant Petition. See id. at 8. Petitioner challenges his 1994 conviction and sentence on the grounds of ineffective assistance of counsel in that counsel failed to conduct a reasonable pre-sentence hearing investigation regarding Petitioner's ability to pay restitution. Id. at 5, 9.
///
///

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on February 16, 2016. Pet. at 8. Thus, the Court deems February 16, 2016 the Petition filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1420-GHK (KK) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Eric Frank Robinson v. M. Spearman | | |

### III.
### DISCUSSION

**A.  THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Pet. at 9.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court.  Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted)

Here, Petitioner's conviction became final on September 22, 1997, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on June 23, 1997.  Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period commenced the next day, September 23, 1997, and expired on September 23, 1998.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on February 16, 2016.  See Pet. at 9.  Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over seventeen years under Section 2244(d)(1).  Thompson, 681 F.3d at 1093.

**B.  STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).  Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1420-GHK (KK) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Eric Frank Robinson v. M. Spearman | | |

challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year limitations period commenced on September 23, 1997. See 28 U.S.C. § 2244(d)(1). Following the commencement of the limitations period, Petitioner filed his first state habeas petition on June 29, 2015. See 28 U.S.C. § 2244(d)(2). However, the limitations period had expired on September 23, 1998, well before Petitioner filed his first state habeas petition. See id. Section 2244(d)(2) does not permit reinitiation of the limitations period. See Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not render the Petition timely. See id.

**C.    EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. See Bills, 628 F.3d at 1097.

///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1420-GHK (KK) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Eric Frank Robinson v. M. Spearman | | |

# IV.
# ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than April 1, 2016**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached A Notice of Dismissal form**. However, the Court warns any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**